IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 19-cv-13740 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RANDALL R. DARNELL, | ) |
| MARCIA DARNELL, | ) |
| STEPHEN M. ZERVOS, | ) |
| JP MORGAN CHASE BANK, N.A. | ) |
|    f/k/a BANK ONE N.A., | ) |
| STATE OF MICHIGAN DEPARTMENT | ) |
|    OF TREASURY, | ) |
| BRANCH COUNTY TREASURER, and | ) |
| OAKLAND COUNTY TREASURER, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to (1) reduce to judgment unpaid federal tax liabilities owed jointly by Randall R. Darnell and Marcia Darnell and (2) enforce the associated federal tax lien against certain real property belonging to them. For its complaint, the United States alleges as follows:

**JURISDICTION, PARTIES, AND PROPERTY**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. The defendant Randall R. Darnell, resides in Oakland County, Michigan, within the jurisdiction of this Court.

3. The defendant Marcia Darnell, resides in Oakland County Michigan, within the jurisdiction of this Court.

4. The defendant Stephen M. Zervos resides in Livingston County, Michigan, within the jurisdiction of this Court and is joined as a party because he may have a lien or claim an interest in the properties described below.

5. The defendant JP Morgan Chase, N.A., formerly known as Bank One, N.A., is joined as a party because it may have a lien or claim interest in the Ortonville Property described and defined below.

6. The defendant State of Michigan Department of Treasury is joined as a party because it may have a lien or claim interest in the properties described below.

7. The defendant Branch County Treasurer in Michigan is joined as a party because, as the local taxing authority, it may have a lien or claim an interest in the Quincy Property described and defined below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have

priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

8.     The defendant Oakland County Treasurer in Michigan is joined as a party because it may have a lien or claim an interest in the Ortonville Property described and defined below and to place it on notice of this Court's jurisdiction over the property such that any local tax liens that have priority over federal tax liens under 26 U.S.C. § 6323(b)(6) will be satisfied in a judicial sale under this Court's authority but that the property may not be sold under other procedures during the pendency of this action.

9.     The real property, defined as the "Ortonville Property," upon which the United States seeks to enforce its tax liens is located at 2440 Grange Hall Road, Ortonville, Michigan 48462 and has a legal description as follows:

> Parcel 3 – Part of the Southeast quarter of Section 14, T5N, R8E, Groveland Township, Oakland County, Michigan; described as: Beg. at a point that is North 89 degrees 30'00" East, 1070.20 ft. and North 63 degrees 16'25" East, 423.70 ft. from the South quarter corner of said Section 14; thence North 02 degrees 11'49" West 830.33 ft; thence South 89 degrees 49'30" East, 200.00 ft; thence South 02 degrees 16'56" East, 730.37 ft; thence South 63 degrees 16'25" West 220.85 ft. to the point of beg. Subject to the rights of the public and of any governmental unit im that part used, taken or deeded for Grange Hall Rd., so-called.

Meaning to describe the property allegedly conveyed from Randy R. Darnell and Marcia Darnell, by "Deed In Lieu Of Foreclosure," to Stephen M.

Zervos, a single man, dated September 6, 2018, and recorded with the Oakland County Registry of Deeds, at Liber 52188, Page 820 on September 18, 2018.

10. The real property, defined as the "Quincy Property," upon which the United States seeks to enforce its tax liens is located at 122 High Banks Drive, Quincy, Michigan 49082, and has a legal description as follows:

> Lots Numbered 11 and 12 of HIGH BANKS, a subdivision of part of the Southwest fractional quarter of Section 33, Town 6 South, Range 5 West, Michigan Principal Meridian, Township of Quincy, Branch County, Michigan, according to the Plat thereof as recorded in Liber 3 of Plats, Page 63, in the Branch County Register's Office.

Meaning to describe the property conveyed from Susan M. Miller, as Trustee of the Susan M. Miller Revocable Trust dated August 2, 1996, by warranty deed to Randall R. Darnell and Marcia Darnell, husband and wife, dated June 24, 1999, and recorded with the Branch County Register of Deeds at Liber 00768, Page 0985, on June 24, 1999.

**COUNT ONE**
**(Claim Against Randall R. Darnell and Marcia Darnell to Reduce Income Tax Liabilities to Judgment)**

11. A delegate of the Secretary of the Treasury made joint assessments against Randall R. Darnell and Marcia Darnell for income taxes and accuracy-related penalties for the period, on the dates, and in the amounts described below. These liabilities have a balance due as of December 20, 2019, including assessed

and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, costs, and statutory interest, and after applying any abatements, payments, and credits, as follows:

| Tax Period Ending | Assessment Date | Assessment Type | Amount Assessed | Balance Due 12/20/2019 |
|---|---|---|---|---|
| 12/31/2002 | 07/11/2007 | Tax | $453,704.00 | $733,161.31 |
|  | 07/11/2007 | Accuracy-Related Penalty (IRC § 6662) | $90,740.80 |  |

12. Notice of the liabilities described in paragraph 11 was given to, and payment demanded from, Randall R. Darnell and Marcia Darnell.

13. Despite proper notice and demand, Randall R. Darnell and Marcia Darnell failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, payments, and credits, they remain liable, jointly and severally, to the United States in the amount of $733,161.31, plus statutory additions and interest accruing from and after December 20, 2019.

14. On January 30, 2008, Randall R. Darnell and Marcia Darnell filed a Collection Due Process (CDP) request pursuant to 26 U.S.C. § 6330 for the income tax period ending December 31, 2002. The CDP request was resolved by appeals on or after April 30, 2009.

15. On April 28, 2017, Randall R. Darnell and Marcia Darnell submitted an offer in compromise pursuant to 26 U.S.C. § 7122 for the income tax period

ending December 31, 2002. The offer in compromise was rejected on July 19, 2018.

16. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. §§ 6330(e)(1) and 6331(i) and (k) for the income tax period ending December 31, 2002.

## COUNT TWO
### (Claim to Enforce Federal Tax Lien Against Ortonville Property)

17. The United States incorporates by reference paragraphs 1 through 16, except paragraph 7, as if specifically realleged herein.

18. Randall R. Darnell and Marcia Darnell jointly obtained title to the Ortonville Property by Warranty Deed dated October 8, 1983, and recorded with the Oakland County Register of Deeds at Liber 8830, Page 107, on November 7, 1984.

19. Because Randall R. Darnell and Marcia Darnell neglected, refused, or failed to pay the liabilities described in paragraph 11 after notice and demand, a federal tax lien arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the date of the tax assessment and attached to the Ortonville Property.

20. Notices of Federal Tax Lien ("NFTL") were filed with the Oakland County Register of deeds, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Tax | Tax Period Ending | Date NFTL Filed |
| --- | --- | --- |
| Income | 12/31/2002 | Original filing on 09/06/2016 |
| | | Automatically released on 08/10/2017 |
| | | Revocation of release on 03/05/2019 |
| | | Refiled on 08/13/2019 |

21. On information and belief Randall R. Darnell and Marcia Darnell continue to reside at the Ortonville Property.

22. Stephen M. Zervos did not pay a reasonably equivalent value in exchange for the Ortonville Property.

23. Randall R. Darnell and Marcia Darnell were insolvent at the time they purportedly transferred the Ortonville Property to Stephen M. Zervos.

24. On information and belief, Stephen M. Zervos is a friend of Randall R. Darnell and Marcia Darnell.

25. Stephen M. Zervos holds the Ortonville Property as the nominee of Randall R. Darnell and Marcia Darnell.

26. The United States is entitled to enforce the federal tax lien described in paragraph 19 against the Ortonville Property pursuant to 26 U.S.C. § 7403 and to have the entire Ortonville Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the

sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Ortonville Property; second, to Oakland County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

## COUNT THREE
**(Claim to Enforce Federal Tax Lien Against Quincy Property)**

27. The United States incorporates by reference paragraphs 1 through 16, except paragraphs 5 and 8, as if specifically realleged herein.

28. Because Randall R. Darnell and Marcia Darnell neglected, refused, or failed to pay the liabilities described in paragraph 11 after notice and demand, a federal tax lien arose pursuant to 26 U.S.C. §§ 6321 and 6322 on the dates of the assessments and attached to the Quincy Property.

29. Notices of Federal Tax Lien ("NFTL") were filed with the Branch County Register of deeds, in accordance with 26 U.S.C. § 6323(f) as follows:

| Type of Tax | Tax Period Ending | Date NFTL Filed |
|---|---|---|
| Income | 12/31/2002 | Original filing on 09/07/2016 |
| | | Automatically released on 08/10/2017 |
| | | Revocation of release on 03/25/2019 |
| | | Refiled on 04/02/2019 |

30. The United States is entitled to enforce the federal tax lien described in paragraph 28 against the Quincy Property pursuant to 26 U.S.C. § 7403 and to

have the entire Quincy Property sold in a judicial sale (including by a receiver if requested by the United States), free and clear of all claims, liens, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of sale, including any expenses incurred to secure and maintain the Quincy Property; second, to Branch County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the United States to pay the liabilities described above, except to the extent that the Court determines that another party has a superior right, title, or interest.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. Judgment against the defendants Randall R. Darnell and Marcia Darnell, jointly and severally, for income tax liabilities for the period ending December 31, 2002, in the amount of $733,161.31, plus statutory additions and interest accruing from and after December 20, 2019, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. A determination that the United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 securing the liabilities described in paragraph A on the Ortonville Property and the Quincy Property;

      C.     An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Ortonville Property by ordering the sale of the entire Ortonville Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Ortonville Property; second, to the defendant Oakland County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior claim, lien, or interest;

      D.     An order enforcing the federal tax liens securing the liabilities described above pursuant to 26 U.S.C. § 7403 against the Quincy Property by ordering the sale of the entire Quincy Property in a judicial sale (including by a receiver if requested by the United States), free and clear of all rights, titles, or interests of the parties, including any rights of redemption, with the proceeds of the sale distributed: first, to pay the costs of the sale, including any expenses incurred to secure and maintain the Quincy Property; second, to the defendant Branch County, Michigan, to pay any real estate taxes due and owing which are entitled to priority under 26 U.S.C. § 6323(b)(6); third, to the plaintiff United States to pay

the liabilities described in paragraph A, except to the extent that the Court determines that another party has a superior claim, lien, or interest; and,

      E.      The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

           Respectfully Submitted,

           RICHARD E. ZUCKERMAN
           Principal Deputy Assistant Attorney General
           Tax Division, U.S. Department of Justice

           */s/ Steven M. Dean*
           Steven M. Dean
           Trial Attorney, Tax Division
           U.S. Department of Justice
           Post Office Box 55, Ben Franklin Station
           Washington, D.C. 20044
           (202) 307-6499 / Fax: (202) 514-5238
           Steven.M.Dean@usdoj.gov

Local Counsel:
Peter Caplan